**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIANA M. MENDOZA, | No. 13-16325 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00078-JAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted October 21, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit Judges.

Diana Mendoza ("Mendoza") appeals the district court's order affirming the

denial of her application for Social Security disability benefits by the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative law judge ("ALJ"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's opinion de novo, and we affirm the ALJ decision if it is both free of legal error and supported by substantial evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We conclude the ALJ erred and we reverse and remand for a determination of benefits.

In 2007, Mendoza filed an application for disability benefits due to fibromyalgia and osteoarthritis. The ALJ found that Mendoza was not disabled because she had the residual functional capacity to perform past relevant work as a housekeeper. In reaching this conclusion, the ALJ assigned "[l]ittle weight" to the medical opinion of Dr. Joseph Nolan, Mendoza's treating physician, who opined that Mendoza could sit for less than four hours, stand and walk for less than two hours, and lift and carry less than ten pounds during an eight-hour work day. Instead, the ALJ gave "[g]reat weight" to the opinion of Dr. John Kurtin, a non-examining state agency physician, that Mendoza could stand, walk, and sit for about six hours, could lift twenty pounds on occasion, and could lift ten pounds frequently. The ALJ also found that neither Mendoza nor Crespin Mendoza, her father-in-law, gave credible testimony.

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate

2

reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). Here, neither of the reasons the ALJ gave for assigning little weight to Dr. Nolan's opinion were supported by substantial evidence. First, the ALJ wrote that Dr. Nolan did not indicate what evidence he relied on to form his opinion about Mendoza's physical limitations. The record is clear that Dr. Nolan relied on his treatment notes. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014) (recognizing treatment notes as support for treating physician's "check-box forms"). The ALJ also stated that Dr. Nolan's medical opinion was "inconsistent with his treatment notes." However, Dr. Nolan's treatment notes were consistent with both his diagnosis of fibromyalgia and his determination that Mendoza could not do light work.

The ALJ also erred by finding that neither Mendoza nor her father-in-law gave credible testimony. Mendoza presented objective medical evidence that she had fibromyalgia, "which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)); *see also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (crediting claimant's testimony about her fibromyalgia symptoms). Because there was no evidence of

3

malingering, the ALJ needed to give "specific, clear and convincing reasons" for rejecting Mendoza's testimony. *Id.* The ALJ failed to do so.

Under our credit-as-true rule, we remand with instructions to calculate and award benefits if "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence . . . ; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. These conditions are present here. The record has been fully developed, and a vocational expert testified before the ALJ that an individual with physical limitations identical to Mendoza's would be unable to hold any work. The ALJ did not provide legally sufficient reasons for rejecting Dr. Nolan's opinion or the testimony of Mendoza and her father-in-law. If this evidence were credited as true, the ALJ would be required to find Mendoza disabled on remand. Accordingly, we reverse the decision of the district court with instructions to remand to the ALJ for a calculation and award of benefits.

**REVERSED AND REMANDED.**